UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14026-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

DANIEL ZAMOT,

                Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through the undersigned Assistant United States Attorney, and Daniel Zamot (hereinafter referred to as the "Defendant" or "Zamot"), together with his counsel, admit that the United States can prove the allegations contained in Count One of the Indictment, which charges the Defendant with carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2, and Count Two of the Indictment, which charges the Defendant with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The Defendant also stipulates that the following recitation of the facts shall constitute the underlying factual basis for his guilty plea. These facts are not all of the facts known to the United States in this case and are offered merely to provide a sufficient factual basis to support the Defendant's guilty plea.

On February 17, 2022, at approximately 12:37 p.m., the Highlands County Sheriff's Office ("HCSO") received a 911 call advising that an armed carjacking had just taken place at Highlands Advanced Rheumatology and Arthritis Center ("Highlands Rheumatology") in Avon Park, Florida.

1

Shortly thereafter, HCSO Deputy Du'Wayne Kelly interviewed the victim of the carjacking, "J.S." J.S. advised Deputy Kelly that she was sitting inside her 2018 Lincoln MKC, located in the parking lot of Highlands Rheumatology, when a man armed with a black 9mm semi-automatic handgun approached her and demanded the keys to her vehicle. J.S. was sitting in the driver's seat of the vehicle with the door open. J.S. advised that she complied and gave the man her keys, after which he demanded her cellphone, which she also gave him. J.S. explained that the man then ordered her to exit and walk around to the back of the vehicle or he would shoot her. J.S. described the man as a black male with a slender build and stated that he was wearing sweat pants, a red or orange hooded jacket, and a facemask with holes for his eyes and mouth. J.S. stated that a second man, whom she described as a heavier set black male, was standing at the rear of her vehicle when she was robbed. J.S. stated the second man was also wearing sweatpants, a red or orange hooded jacket, and a facemask with holes for his eyes and mouth. J.S. advised that the two men fled the scene in her vehicle.

Law enforcement was able to track J.S.'s 2018 Lincoln MKC through the use of Ford Pass, a smartphone application that allows its users to access the GPS coordinates for their vehicles. At approximately 2:41 p.m., the Ford Pass application indicated J.S.'s 2018 Lincoln MKC was traveling south on SR 31 N in Lee County, Florida. Shortly thereafter, HCSO notified the Lee County Sheriff's Office ("LCSO") that the 2018 Lincoln MKC was in Lee County.

At approximately 3:00 p.m., officers from LCSO located the 2018 Lincoln MKC and attempted to conduct a traffic stop in Fort Myers, Florida. A brief pursuit ensued, during which the vehicle drove through several yards and almost crashed into another vehicle. The vehicle

ultimately crashed into a patch of bushes after law enforcement conducted a PIT maneuver.[1] Shortly thereafter, Spivey exited the vehicle from the front driver's side and Zamot exited the vehicle from the front passenger's side. Both Spivey and Zamot fled on foot and were apprehended a short time later. Spivey was wearing a red hooded jacket when he was arrested.

HCSO Deputy Du'Wayne Kelly interviewed Zamot at the Lee County Sheriff's Office the same day he was arrested. Zamot was advised of Miranda Rights and agreed to speak with Deputy Kelly. Zamot admitted, among other things, that he was present with Spivey when Spivey stole J.S.'s 2018 Lincoln MKC. Zamot acknowledged that he knew Spivey had a firearm on his person when he and Spivey approached the 2018 Lincoln MKC. Zamot also said that Spivey told him he "was going to go get that car" before they approached the 2018 Lincoln MKC.

While searching the 2018 Lincoln MKC, LCSO Detective Thoma Toslluku recovered, among other things, two ski masks from behind the front passenger's seat and a loaded black H&K 9mm semi-automatic firearm with an extended magazine between the driver's seat and center console. The H&K 9mm semi-automatic firearm was reported stolen out of Polk County. The H&K 9mm semi-automatic firearm qualifies as a firearm under federal law.

A loaded Cobra, .380 caliber semi-automatic firearm was found in the bushes where Zamot exited the vehicle. The Cobra, .380 caliber semi-automatic firearm was reported stolen out of Osceola County. The Cobra .380 caliber semi-automatic firearm qualifies as a firearm under federal law.

HCSO obtained Ring door camera footage from several nearby residences. One of the cameras depicts Spivey and Zamot walking up to J.S.'s vehicle together. Specifically, the video

---

[1] PIT stands for pursuit intervention technique.

3

depicts two males with red hooded jackets approaching J.S.'s vehicle and walking up to the driver's side door of the vehicle, with one of the males standing directly behind the other. The video also depicts J.S. running from the vehicle shortly after Spivey and Zamot approached her.

The 2018 Lincoln MKC was manufactured in Louisville, Kentucky, and therefore had been transported, shipped, or received in interstate commerce.

Zamot stipulates that he and Spivey stole J.S.'s 2018 Lincoln MKC on February 17, 2022, and that they did so by force, violence, and intimidation. Zamot also stipulates that Spivey brandished a H&K 9mm semi-automatic firearm when they stole J.S.'s 2018 Lincoln MKC, and that he knew Spivey had a firearm on his person when they approached the vehicle.

**Count 1:** **Title 18, United States Code, Sections 2119(1) and (2):**

(1) The Defendant took a motor vehicle from or in the presence of another;

(2) The Defendant did so by force and violence, or by intimidation;

(3) The motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce; and

(4) The Defendant intended to cause death or serious bodily harm when he took the motor vehicle.

**Count 2:** **Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2:**

(1) The Defendant committed the crime of violence charged in Count One of the Indictment; and

(2) During and in relation to that crime of violence, the Defendant knowingly brandished a firearm, as charged in the Indictment.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.

A Defendant "aids and abets" another person if the Defendant intentionally joins with the other person to commit a crime.

4

A Defendant who aids and abets the crime of brandishing a firearm during and in relation to a crime of violence can be found guilty even if the Defendant did not personally brandish the firearm. To be found guilty on this basis, the Defendant must have actively participated in the crime of violence with advance knowledge that another participant would brandish a firearm during and in relation to the crime of violence.

Advance knowledge means knowledge at a time when the Defendant chose to begin or continue the Defendant's participation in the crime of violence.

To "brandish" a firearm means to show all or part of the firearm to another person, or otherwise make another person aware of the firearm, in order to intimidate that person.

The defendant and his attorney agree that the facts recited above meet these elements.

Date: 6/24/22

Date: 6/24/22

Date: 6/24/22

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

_____
DANIEL ZAMOT
DEFENDANT

_____
KRISTY MILITELLO
ATTORNEY FOR DEFENDANT

5