**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   22-14026-CR-CANNON/MAYNARD**

**UNITED STATES OF AMERICA**

**v.**

**ARTAVIS SPIVEY,**

**Defendant.**
_____/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Artavis Spivey (hereinafter referred to as the "Defendant") enter into the following agreement:

1.     The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with carjacking, in violation of Title 18, United States Code, Section 2119(1) and 2, and Count Two of the Indictment, which charges the Defendant with brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.

2.     This Office agrees to seek dismissal of all remaining counts of the Indictment, as to this Defendant, after sentencing.

3.     The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.

The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed. The Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

4.      With respect to Count One of the Indictment, the Defendant also understands and acknowledges that the Court may impose a statutory maximum term of 15 years' imprisonment, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to Count One of the Indictment, and may order forfeiture and restitution.

5.      With respect to Count Two of the Indictment, the Defendant understands and acknowledges that the Court must impose a mandatory minimum term of 7 years' imprisonment and may impose up to a statutory maximum term of Life imprisonment, to be served consecutively to the sentence imposed on Count One of the Indictment, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the Court may

2

impose a fine of up to $250,000 as to Count Two of the Indictment, and may order forfeiture and restitution.

6.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 4 and 5 of this agreement, a special assessment in the amount of $200 will be imposed on the Defendant.   The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

7.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's timely acceptance of personal responsibility for the charges to which he is pleading guilty.

9.      This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the defendant's advisory sentencing guideline range as calculated by the Court.

10.      This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court run any sentence imposed in this

case concurrent to any sentence imposed in *State of Florida v. Artavis Arriel Spivey*, Case No. 28-2022-CF-000194-CFAXMX (Tenth Judicial Circuit/Highlands County).

11.     The defendant understands that restitution under Title 18, United States Code, Section 3663A is mandatory.   The defendant agrees that offenses listed under Title 18, United States Code, Section 3663A(c)(1)(A) were committed by him during her commission of the conduct underlying the offenses of conviction, and to the offenses gave rise to this plea agreement. The defendant agrees that he owes restitution in the amount of $3,500.00 to Jennifer Shiftlet.

12.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.   The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

13.     The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The Defendant further understands that nothing in this

4

agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

14.     The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the Defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

15.     By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.   The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

16.     The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify in his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial.   The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

17.     This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: _8|26)2022_   By: _____

MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

Date: _8-26-2022_   By: _Artavis Spivey_____

ARTAVIS SPIVEY
DEFENDANT

Date: _8/26/22_   By: _____

VALENTIN RODRIGUEZ
ATTORNEY FOR DEFENDANT

6